**Nicole M. PICCIRILLI; Janet M. Cox; and Lynn A. Baer, Petitioners**

v.

**Ayanna M. LEE, Respondent.**

Commonwealth Court of Pennsylvania.

Heard March 17, 2008.

Decided March 25, 2008.

Ordered Published April 8, 2008.

---

Joseph E. Linehan, Pittsburgh, for petitioners.

L. Charles Fedel, Pittsburgh, for respondent.

OPINION BY Judge PELLEGRINI.

Presently before the Court is the petition to set aside the nomination petition of Ayanna M. Lee (Candidate) for Representative in the General Assembly in the 44th Legislative District filed by Nicole M. Piccirilli, Janet M. Cox and Lynn Baer (Objectors).

Section 912.1(14) of the Pennsylvania Election Code (Election Code)[1] requires that a candidate's nomination petition for the General Assembly must contain at least 300 valid signatures. Candidate's nomination petition has 386 signatures and, by stipulation, she has agreed that 41 signatures are invalid, leaving 345 remaining signatures. For Candidate's nomination petition to be stricken, Objectors have the burden of proving that 46 of those signatures are invalid.

At the hearing held on March 17, 2008, I ordered 18 signatures stricken. Fourteen signatures were stricken for a variety of reasons, either because the defects they contained were not amendable or amendments were not offered where the defect was amendable.[2] I also ordered that page 16 of the nomination petition, containing three signatures, be stricken because they were not signed in the presence of the person who signed that page of the nomination petition.[3]

■ There are two remaining issues regarding signatures: challenges to where an elector used his or her "nickname"[4] and not his or her "real" name in signing the nomination petition or where the elector used his first initial(s) only,[5] added

---

1. Act of June 3, 1937, P.L. 1333, *as amended,* added by Section 2 of the Act of December 12, 1984, P.L. 968, 25 P.S. § 2872.1.

2. 1) Page 2, Line 15; 2) Page 2, Line 38; 3) Page 3, Line 27; 4) Page 4, Line 1; 5) Page 4, Line 2; 6) Page 4, Line 3; 7) Page 4, Line 4; 8) Page 5, Line 3; 9) Page 5, Line 11; 10) Page 7, Line 19; 11) Page 12, Line 7; 12) Page 14, Line 1; 13) Page 20, Line 4; 14) Page 22, Line 2; and 15) Page 25, Line 2.

3. 1) Page 16, Line 1; 1) Page 16, Line 2; 3) Page 16, Line 3. There was a fourth signature on this page, but it had been previously "lined through." As for challenges to other pages alleging that the signatures were not taken in the "presence" of the affiant, I found that the testimony of the Candidate/Affiant established

that the signatures on the challenged pages were taken in her presence.

4. Objectors assert that the following six signatures should be stricken because the individuals signed using nicknames. They are:

Page 4, Line 32 (Cathy Kostyk)
Page 7, Line 20 (Pat McCormick)
Page 8, Line 8 (Kim Shannon)
Page 9, Line 11 (Ron Smith)
Page 18, Line 4 (Steve Depkon)
Page 19, Line 6 (Steve Kubinski)

5. The following 11 signatures involve the use of an initial for a first name, eight of which are not followed by any other designation. Page 1, Line 50: L.C. Schneider; Page 2, Line 33: L.M.A./L.M. Ayoob; Page 2, Line 38: Sr. M. Dulcia; Page 2, Line 39: S.M. Phillip

or deleted his middle initials, or used a suffix.[6] The use of a middle initial represents by far the largest grouping, involving 91 signatures. These challenges are not based on any allegation that the person who signed the petition was not the elector but only that they did not sign their name on the petition exactly as it appeared on their voter registration card.

In *In re Nomination Petition of Cooper,* 163 Pa.Cmwlth. 430, 643 A.2d 717 (1994), a single judge opinion of this Court, we addressed both of these issues. Regarding nicknames, *Cooper* held that the use of a nickname was an amendable defect, but absent evidence confirming the identity of the elector, the signatures must be stricken, stating:

> [W]here the elector uses a nickname on the nomination petition instead of his or her proper name used when signing the voter registration affidavit. Although certain cases may be obvious (such as using Mike for Michael), but others are not (for example Terry can be a nickname for Terrence or Theresa, Fred can be Alfred or Frederick). In order to be fair and to draw a clear line, without amendment, such a defect requires the signature to be stricken.

*Id.,* 643 A.2d at 726–727.

Regarding middle initials and suffixes and prefixes alike, *Cooper* stated that:

> Where the signature of the elector does not perfectly match the signature of the elector on the voter registration affidavit because the elector did not use a middle initial. This defect is another situation

where the elector's signature admittedly contains a defect, but such defect is so insignificant as to not be a material error. Accordingly we are not required to strike signatures where Petitioner simply alleged that the elector failed to use a middle initial, a marital prefix, or a parental or child suffix on the nomination petition. *Elliot Nomination Petition,* 26 Pa.Commonwealth Ct. 20, 362 A.2d 438, affirmed per curiam, 466 Pa. 463, 353 A.2d 446 (1976). Without an allegation of fraud, or other basis to cast serious doubt as to the genuineness of the signature, no signatures were stricken on this basis. *Wolfe [v. Switaj,* 106 Pa.Cmwlth. 1, 525 A.2d 825 (1985).] We believe it would be totally unreasonable to require an elector to remember whether he or she used a middle initial when the voter's affidavit was completed, in some instances, twenty or thirty years earlier.

*Id.,* 643 A.2d at 726.

Under *Cooper* then, the signatures using "nicknames" would be stricken but the signatures adding or deleting middle initials and the like would not, because those defects are insignificant.

Objectors contend that *Cooper* is no longer "good" law as a result of our Supreme Court's decision in *In re Nomination of Flaherty,* 564 Pa. 671, 770 A.2d 327 (2001). Citing *Cooper,* our Supreme Court held that "where an elector's signature did not match as signed on his voter registration card ... his name must be removed from the Petition." Because it cited *Cooper* as the source for its holding, *Flaherty*

---

Kwolek; Page 2, Line 43: R.L. Bohna; Page 3, Line 19: R.P. Mills; Page 4, Line 4: J. DeFillip; Page 5, Line 26: D. Depner; Page 8, Line 12: G.R. Behm; Page 23, Line 3: S. Clair Lupinacci; Page 23, Line 4: J. Lupinacci.

**6.** The six lines that involve the use of a suffix or absence of a suffix on a registration card are as follows: Page 3, Line 25 (Michael J. Mangan); Page 3, Line 31 (George E. Tipker); Page 5, Line 18 (George Hetzer); Page 5, Line 28 (John Mosura); Page 7, Line 14 (Harry Java); Page 10, Line 7 (Major Williams); Page 10, Line 11 (Joseph Berenda III).

does not mean that any and all defects in the signature would require that the signature be stricken—only substantial ones. More problematic is our decision in *Petition for Agenda Initiative*, 821 A.2d 203 (Pa.Cmwlth.2003) where we stated that:

> The principles that the Supreme Court articulated in *Nomination Petition of Flaherty* apply equally here and require that this Court uphold the decision to strike printed signatures from the petition along with those using *nicknames* or *initials* which were not shown to be the actual signatures of the voters.

*Id.*, 821 A.2d at 211. (Emphasis added).

While not certain of what type of initials were being referred to because they were not involved in that case, we believe it refers to the use of an initial instead of a first name which makes the use of an initial similar to the use of a nickname. Citing to *Cooper*, in *Petition to Set Aside Nomination of Fitzpatrick*, 822 A.2d 859, 861 (Pa.Cmwlth.2003), we held that "where a signer uses simply the first letter of the first name, the signature may be stricken as an improper deviation from the elector's signature on the voter registration card" unless "the signer intended the first initial of her first name to be a substitute for the first name in her signature." Because the term "initials" was used in context with "nicknames," and the use of initials instead of the first name is akin to a nickname, *Petition for Agenda Initiative* only refers to that situation and does not change the holding in *Cooper* that absence or addition of middle initials or suffixes is not a defect.

Under *Cooper*, the six signatures using a nickname instead of a given name are stricken, but the challenges to the other signatures, based on electors' signatures that do or do not contain their middle initials or suffixes as shown on their official voter registrations, are denied. Under *Fitzpatrick*, the eight signatures that use the first initial only are stricken. Accordingly, because Objectors have only established that 32 signatures are invalid and not the 47 needed to remove Candidate from the ballot, the petition to set aside Candidate's petition is denied.

## ORDER

AND NOW, this 25th day of March, 2008, the petition to set aside the nomination of Ayanna M. Lee as Democratic Candidate for the Office of State Representative for the 44th Legislative District of the Commonwealth of Pennsylvania is denied. The Secretary of the Commonwealth is directed to certify the name of Ayanna M. Lee to the proper officials for inclusion on the ballot of the Democratic Primary to be held on April 22, 2008. Costs are awarded against Petitioners.